UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ANGELA DORSEY**                                        **CASE NO. 6:20-cv-00024**

**VERSUS**                                               **JUDGE JAMES D. CAIN, JR.**

**UNKNOWN OFFICER AND**                                  **MAGISTRATE JUDGE**
**THE CITY OF LAFAYETTE, through**                       **PATRICK J. HANNA**
**MAYOR JOEL ROBIDEAUX**

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. 28] filed by defendants Lafayette Consolidated Government ("LCG").[1] Defendants assert that they are entitled to qualified immunity from suit, and in the alternative, that Plaintiff cannot show excessive force in this matter. Plaintiff, Angela Dorsey, opposes the Motion for Summary Judgment [Doc. 30].

## I.
## FACTUAL STATEMENT

This suit arises from Plaintiff, Angela Dorsey's, complaints about her treatment during a "no knock" search warrant which she alleges resulted in a broken toe and blood clot, as well as exacerbation of preexisting anxiety and depression. In her Amended Complaint,[2] through counsel, Ms. Dorsey makes the following allegations: On or about February 20th, 2019, Ms. Dorsey was lying in bed with her boyfriend in his apartment in Lafayette, Louisiana.[3] At about 3:00 a.m., officers from the Lafayette Police Department

---

[1] LCG was erroneously named in the Complaint as "City of Lafayette"; see Doc. 28.
[2] Doc. 8.
[3] Id. ¶ 4.

1

broke down windows and a door to the apartment to gain entry.[4] An "Unknown Officer" ordered Ms. Dorsey and her boyfriend to get out of bed and instructed them to put their hands in the air.[5]

Ms. Dorsey, who was dressed only in her "nighty" complied.[6] Ms. Dorsey asserts that Unknown Officer immediately grabbed Ms. Dorsey, forcibly drug her outside and slammed her to the ground.[7] Unknown Officer then handcuffed Ms. Dorsey and placed her under arrest.[8] Ms. Dorsey was placed under arrest for approximately 1.5 to 2 hours and then released prior to being booked into the jail.[9] Unknown Officer took Ms. Dorsey outside of the apartment in the yard; she was not allowed to put on any clothing during the time of her arrest.[10] During the incident, Ms. Dorsey fractured her toe and was caused to have a blood clot.[11]

Defendants' assert that the Tactical Narcotics Team identified as a risk of the search operation that there would possibly be other individuals at the apartment and that a resident of the apartment was a convicted felon known to carry a firearm.[12] Defendants further claim that upon arrival, the Narcotics team breached the front doors and windows and issued verbal instructions for the occupants to show their hands and exit the residence. Ms. Dorsey was the first to respond, where she was passed from one officer at the entrance to another

---

[4] Id. ¶ 5.
[5] Id. ¶ 6.
[6] Id. ¶ 7.
[7] Id. ¶ 8.
[8] Id. ¶ 8.
[9] Id. ¶ 11.
[10] Id. ¶ 12.
[11] Id. ¶ 9.
[12] Doc. 28-5.

and she stumbled and fell without force as she was being passed from one officer to another.[13]

Defendants point out that Ms. Dorsey attended a parade days after the search incident, on or about February 24, 2019.[14] Ms. Dorsey sought medical treatment for her toe the next day, February 25, 2019, but informed medical personnel that she was injured at the parade.[15]

On Defendant's motions, this Court dismissed Ms. Dorsey's claims of a Fourth Amendment violation for false arrest, Fourteenth Amendment claim for violation of due process, Eighth Amendment claims for cruel and unusual punishment, punitive damages against LCG, and § 1983 official capacity claim against LCG.[16] Defendants now move for summary judgment on the remaining claims of excessive force, asserting that Defendants' are entitled to qualified immunity and that Ms. Dorsey cannot show excessive force in this matter.

## II.
## LAW & APPLICATION

### A. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially

---

[13] Exhibit 6, Officer Fred Payne Body Cam Video.
[14] Doc. 28-7., p. 98:1-25.
[15] *Id.*, p. 98:22-25, p, 99:1-20.
[16] Doc. 6.

3

responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). When the motion is unopposed, the moving party retains its burden of showing that there is no genuine issue of material fact. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). Under the court's

4

local rules, however, failure to file an opposition means that the moving party's statement of uncontested material facts is deemed admitted. Local Rule 56.2.

### B. Application

*Excessive Force Standards*

Through 42 U.S.C. § 1983, Congress provides a damages remedy for plaintiffs whose constitutional rights are violated by state officials. *Ziglar v. Abbasi*, __U.S. __, 137 S.Ct. 1843, 1854 (2017). A police officer is liable under § 1983 for a Fourth Amendment violation if he uses excessive force in arresting the plaintiff. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). To maintain such a claim, a plaintiff must show that (1) she was seized and (2) suffered an injury (3) that resulted directly and exclusively from defendant's use of force, (4) which was objectively unreasonable and excessive to the needs of the situation. *Id.* (citing *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000)).

Under Louisiana law, "[e]xcessive force [in effecting an arrest] transforms ordinarily protected use of force into an actionable battery, rendering the defendant officer . . . liable for damages." *Penn v. St. Tammany Par. Sheriff's Office*, 952 So.2d 874, 878 (La. Ct. App. 3d Cir. 2007). A law enforcement officer's use of force is held to a reasonableness standard, under which the court reviews the totality of circumstances and evaluates the officer's actions against those of an ordinary, prudent, and reasonable person in the same position and with the same knowledge as that officer. *Kyle v. City of New Orleans*, 353 So.2d 969, 972–73 (La. 1977). The court may consider several factors,

including the known character of the arrestee and alternative means of restraint available to the officers. *Id.*

Ms. Dorsey alleges that Unknown Officer used excessive force by forcefully dragging her outside and slamming her on the ground. However, the footage from the Body Camera Video of Officer Fred Payne depicts Ms. Dorsey emerging first from the residence and tripping while being handed from one officer to the next. Exhibit 6, Officer Fred Payne Body Cam Video. The Body Camera Video makes clear that no one pushed Ms. Dorsey and her trip was not the result of an intentional pushing from any officer involved. *Id.* After the fall, Ms. Dorsey ambulated to the sofa with no complaints or other presentation of pain or injury. Doc. 28 att. 5 ¶ 12. According to her deposition, Ms. Dorsey attended a Mardi Gras parade in Sunset only days after the alleged injury. Doc. 28 att. 7 p. 98. The next day, Ms. Dorsey went to the Lafayette General Medical Center to seek medical care for her foot, claiming that she fell and hurt her foot at the parade. *Id.*

Based on the video footage, Ms. Dorsey's attendance at the Mardi Gras Parade, and her medical records with Lafayette General Medical Center, if Ms. Dorsey was injured by Unknown Officer, she only suffered a *de minimis* injury. "Any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only." *Brown v. Lynch,* 524 Fed. Appx 69, 79 (5th Cir. 2013). Here, Unknown Officer used objectively reasonable force while passing Ms. Dorsey to another officer and the body camera footage shows that no one pushed her. Accordingly, because Plaintiff has failed to submit summary judgment evidence to create a genuine issue of fact to show excessive force Defendants are entitled

to summary judgment; consequently, there is no need to consider their qualified immunity assertions.

## III.
## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [Doc. 28] will be **GRANTED** and the remaining claims in this suit will be **DISMISSED WITH PREJUDICE**.

**THUS DONE** in Chambers on this 18th day of October, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**