UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANGELA DORSEY** | **CASE NO. 6:20-CV-00024** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CITY OF LAFAYETTE ET AL** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

**MEMORANDUM ORDER**

Before the Court is a Motion for Attorney Fees and Costs [Doc. 41] by Lafayette Consolidated Government ("LCG"). The motion is opposed by plaintiff Angela Dorsey [Doc. 43] and has been fully briefed.

**I.
BACKGROUND**

This suit arises from Ms. Dorsey's civil rights complaint in which she alleges she was injured by officers of the Lafayette Police Department during the search of her boyfriend's home. In her lawsuit, Ms. Dorsey asserts claims under 28 USC § 1983 for alleged violations of Fourth, Eighth, and Fourteenth Amendments. On Defendant's FRCP Rule 12(b)(6) motions, this Court dismissed Ms. Dorsey's claims of false arrest under the Fourth Amendment, violations of due process under the Fourteenth Amendment, cruel and unusual punishment under the Eighth Amendment, punitive damages and § 1983 official capacity claims. Later, the remaining claim for excessive force under the Fourth Amendment was dismissed pursuant to a motion for summary judgment.

1

Ms. Dorsey asserted complaints about her treatment during a "no knock" search warrant which she alleges resulted in a broken toe and blood clot, as well as exacerbation of preexisting anxiety and depression. In her Amended Complaint,[1] through counsel, Ms. Dorsey makes the following allegations: On or about February 20th, 2019, Ms. Dorsey was lying in bed with her boyfriend in his apartment in Lafayette, Louisiana.[2] At about 3:00 a.m., officers from the Lafayette Police Department broke down windows and a door to the apartment to gain entry.[3] An "Unknown Officer" ordered Ms. Dorsey and her boyfriend to get out of bed and instructed them to put their hands in the air.[4]

Ms. Dorsey, who was dressed only in her "nighty" complied.[5] Ms. Dorsey asserts that Unknown Officer immediately grabbed Ms. Dorsey, forcibly drug her outside and slammed her to the ground.[6] Ms. Dorsey claims that Unknown Officer then handcuffed her and placed her under arrest.[7] Unknown Officer took Ms. Dorsey outside of the apartment in the yard. She asserts that during the incident, Ms. Dorsey fractured her toe and was caused to have a blood clot.[8]

Defendants' assert that the Tactical Narcotics Team identified as a risk of the search operation that there would possibly be other individuals at the apartment and that a resident of the apartment was a convicted felon known to carry a firearm.[9] Defendants further claim

---

[1] Doc. 8.
[2] Id. ¶ 4.
[3] Id. ¶ 5.
[4] Id. ¶ 6.
[5] Id. ¶ 7.
[6] Id. ¶ 8.
[7] Id. ¶ 8.
[8] Id. ¶ 9.
[9] Doc. 28-5.

that upon arrival, the Narcotics team breached the front doors and windows and issued verbal instructions for the occupants to show their hands and exit the residence. Ms. Dorsey was the first to respond, where she was passed from one officer at the entrance to another and she stumbled and fell without force as she was being passed from one officer to another.[10] Defendants' story is corroborated by body camera footage[11] which shows that Ms. Dorsey did stumble and fall.

Ms. Dorsey attended a parade days after the search incident, on or about February 24, 2019.[12] Ms. Dorsey sought medical treatment for her toe the next day, February 25, 2019, but informed medical personnel that she was injured at the parade.[13]

## II.
## LEGAL STANDARD

As one of a few statutory exceptions to the "American Rule," requiring each party to bear its own litigation expenses, 42 U.S.C. § 1988 allows the award of reasonable attorney fees to a prevailing party in a civil rights action brought under 42 U.S.C. § 1983. *Fox v. Vice*, 563 U.S. 826, 832–33 (2011). This award may be made to a defendant when the court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation," *id.* at 833 (internal quotation omitted) or that the plaintiff "continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). In determining whether the suit was frivolous, the court should focus not on the outcome but instead on "whether . . . the case is so lacking in arguable merit as to be groundless or without foundation[.]"

---

[10] Exhibit 6, Officer Fred Payne Body Cam Video.
[11] *Id.*
[12] Doc. 28-7., p. 98:1-25.
[13] *Id.*, p. 98:22-25, p, 99:1-20.

*G&H Dev., LLC v. Penwell*, 2016 WL 5396711, at *3 (W.D. La. Sep. 27, 2016) (citing *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). To this end the court can consider factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle the suit, and whether the court held a full trial—but these factors remain "guideposts" and frivolousness must be judged on a case-by-case basis. *Id.* (citing *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) (per curiam)). Generally, the Fifth Circuit regards an award of attorney fees for defendants as appropriate when the plaintiff's claim "lacks a basis in fact or relies on an [indisputably] meritless legal theory" or when the "plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Doe*, 440 F. App'x at 425 (internal quotations omitted).

### III.
### APPLICATION

The Defendants argue that under 42 USC § 1988, the prevailing party in an action to enforce certain provisions, including 42 USC § 1983, may be awarded reasonable attorney fees. Defendants assert that it is the intent of Congress in allowing such awards to prevailing defendants to "protect defendants from burdensome litigation having no legal or factual basis." *Dean v. Riser*, 240 F. 3d 505,508 (5 Cir. 2001). Defendants argue that Ms. Dorsey's claims were "undisputedly meritless" because her claims for alleged violations of Fourth, Eighth, and Fourteenth Amendments were dismissed on a Rule 12(b)(6) motion by the Defendants and her remaining claim of excessive force was dismissed by a motion for summary judgment.

Ms. Dorsey asserts that she had a valid claim against Defendants and their officers. She argues that even though early on in the case a Motion to Dismiss was filed by Defendants, this Court stated in the ruling that there was an issue as to whether, or not, the force used was excessive. The Court agrees with Ms. Dorsey. If the claim would have been found to be frivolous, the Court would have dismissed the claim at that point. However, this Court felt there may have been some legitimacy to her claim and it was not dismissed.

The Fifth Circuit has established that the relevant inquiry is "whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *U.S. v. State of Miss.*, 921 F.2d 604, 609 (5th Cir. 1991). The Court recognizes that the claim was unsuccessful because the police conduct did not rise to the level of excessive force, however this does not mean that Ms. Dorsey's claim was meritless or groundless. Accordingly, the Court finds that it is not appropriate to award attorney fees to the Defendants in this case.

## IV.
## CONCLUSION

For the reasons stated above, the Motion for Attorney Fees [Doc. 41] is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 7th day of January, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

5